UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DISTRICT

In re:                                          )
    ANTONE EUGENE DAVIS            )    Case No:  6:10-bk-01572-ABB
    CATHERINE MARIE DAVIS         )
                                                )
        Debtor(s)                       )

### TRUSTEE'S OBJECTION TO PROPERTY CLAIMED AS EXEMPT

TO:  The Above-Captioned Debtors and Their Attorney Of Record:

Emerson C. Noble, Chapter 7 Trustee in the above-styled case, hereby objects to Debtor's claimed exemptions for the following reason(s):

    1.  Antone Eugene Davis and Catherine Marie Davis, the debtors ("Debtors"), filed a petition under Chapter 7 of this title on February 2, 2010.

> **NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**
> Pursuant to Local Rule 2002-4, the Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files an objection within thirty (30) days from the date of service of this paper.  If you object to the relief requested in this paper, you must file your objection with the Clerk of the Court at 135 W. Central Blvd., Suite 950, Orlando, Florida 32801 and serve a copy on Emerson C. Noble, Trustee, Post Office Box 195008, Winter Springs, Florida 32719-5008.
> If you file and serve an objection within the time permitted, the Court will schedule a hearing and you will be notified.  If you do not file an objection within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice and hearing, and may grant the relief requested.

    2.  The debtors had previously filed a Chapter 13 Case on September 30, 2009 and it was dismissed on November 23, 2009. (Case No. 6:09-bk-14794-ABB).

    3.  The Debtors have listed on Schedule B, Question #4 personal assets valued at 635.00 located in a 7500 square foot home.  The Trustee objects to all personal property claimed by Debtors as exempt on Schedule B, #4 and believes the value far exceeds Debtors valuation in a 7500 square foot home.

1

4. On Schedule B, Question #35 of the prior Chapter 13 case, Debtors had scheduled a personal injury claim which does <u>not</u> appear in the Chapter 7 case schedules and the Debtor, Antone Davis, testified at the 341 Meeting of Creditors that he still has problems with his left knee from being rear ended at a stop light sometime in December, 2009.  The Trustee objects to any personal injury claim of Antone Davis.

5. The Debtors did not list on Schedule B, Question #13 a membership interest in Buffalos Clermont, LLC, a Florida limited liability company.  The Trustee objects to any membership interests of Debtors in Buffalo's Clermont, LLC.

6. The Debtors listed on Schedule A of the Chapter 13 case a home in Ft. Valley, Georgia and in the Chapter 7 case indicated that it was gifted and transferred to Debtors' parents sometime in 1992 on their Statement of Financial Affairs Question 7.  The Warranty Deed for said property shows the existence of the "Antone Davis Family Trust" which is not disclosed on any bankruptcy schedules.  The Trustee objects to any and all assets of the Antone Davis Family Trust.

7. The Debtors also claim exemptions under Schedule B, Question #35 for the Blue Sky, Earth and the Universe as well as citing a United States Supreme Court case, but no exemptions are claimed on Schedule C.  The Trustee objects to the Debtors claim of exemptions in Schedule B, Question #35.

8. The Trustee objects to the following exemptions of the Debtors:

    A. The NFL 401(k) pension in the amount of $180,000 for not being claimed on Schedule C and for being listed in an unknown amount on Schedule B, Question #12 when the amount is known by Debtors;

    B. The home in Georgia allegedly gifted to the parents in Ft. Valley, Georgia with the address of 118 Windy Hill Ct., Ft. Valley, GA 31030;

  C. The personal injury claim for the injury sustained sometime in December, 2009 to the left knee of Antone Davis when he was rear ended at a stop light;

  D. The personal assets of the Debtors listed as home furniture in the amount of $635.00 as the Trustee believe that it is grossly undervalued based on a 7500 square foot home;

  E. Debtors' Membership Interests in Buffalos Clermont, LLC;

  F. Debtors' Membership Interests in Rocky Top Holdings, LLC;

  G. Anotne Davis Family Trust assets which have not been disclosed; and

  H. For all the Blue Sky, Earth and Universe allegedly claimed as exempt by Debtors on Schedule B, Question #35 to specifically include any and all assets located in the SunTrust Bank safety deposit box.

WHEREFORE, the trustee moves this court to enter its order denying the debtor's claim of exemptions on the grounds set forth above. I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by First-Class United States Mail, postage prepaid, this 22nd day of April 2010 to Stephen J. Berlinsky, Esquire, The Berlinsky Law Firm, PA, 637 Eighth Street, Clermont, FL 34711, *attorney for Debtors*; Antone E. Davis and Catherine M. Davis, 11435 Lake Louisa Road, Clermont, FL 34711, *Debtors*, and the Office of the United States Trustee, 135 W. Central Blvd., Suite 620, Orlando, Fl. 32801.

Dated: April 22, 2010

        /s/ Emerson C. Noble
        Emerson C. Noble, Trustee
        Post Office Box 195008
        Winter Springs, Florida 32719-5008
        Telephone (407) 628-9300
        Facsimile (407) 647-6452

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DISTRICT

In re:                                          )
    ANTONE EUGENE DAVIS        )    Case No: 6:10-bk-01572-ABB
    CATHERINE MARIE DAVIS      )
                               )
        Debtor(s)          )

TRUSTEE'S OBJECTION TO PROPERTY CLAIMED AS EXEMPT

TO: The Above-Captioned Debtors and Their Attorney Of Record:

Emerson C. Noble, Chapter 7 Trustee in the above-styled case, hereby objects to Debtor's claimed exemptions for the following reason(s):

1. Antone Eugene Davis and Catherine Marie Davis, the debtors ("Debtors"), filed a petition under Chapter 7 of this title on February 2, 2010.

> **NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**
> Pursuant to Local Rule 2002-4, the Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files an objection within thirty (30) days from the date of service of this paper. If you object to the relief requested in this paper, you must file your objection with the Clerk of the Court at 135 W. Central Blvd., Suite 950, Orlando, Florida 32801 and serve a copy on Emerson C. Noble, Trustee, Post Office Box 195008, Winter Springs, Florida 32719-5008.
> If you file and serve an objection within the time permitted, the Court will schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice and hearing, and may grant the relief requested.

2. The debtors had previously filed a Chapter 13 Case on September 30, 2009 and it was dismissed on November 23, 2009. (Case No. 6:09-bk-14794-ABB).

3. The Debtors have listed on Schedule B, Question #4 personal assets valued at 635.00 located in a 7500 square foot home. The Trustee objects to all personal property claimed by Debtors as exempt on Schedule B, #4 and believes the value far exceeds Debtors valuation in a 7500 square foot home.

1

4. On Schedule B, Question #35 of the prior Chapter 13 case, Debtors had scheduled a personal injury claim which does <u>not</u> appear in the Chapter 7 case schedules and the Debtor, Antone Davis, testified at the 341 Meeting of Creditors that he still has problems with his left knee from being rear ended at a stop light sometime in December, 2009. The Trustee objects to any personal injury claim of Antone Davis.

5. The Debtors did not list on Schedule B, Question #13 a membership interest in Buffalos Clermont, LLC, a Florida limited liability company. The Trustee objects to any membership interests of Debtors in Buffalo's Clermont, LLC.

6. The Debtors listed on Schedule A of the Chapter 13 case a home in Ft. Valley, Georgia and in the Chapter 7 case indicated that it was gifted and transferred to Debtors' parents sometime in 1992 on their Statement of Financial Affairs Question 7. The Warranty Deed for said property shows the existence of the "Antone Davis Family Trust" which is not disclosed on any bankruptcy schedules. The Trustee objects to any and all assets of the Antone Davis Family Trust.

7. The Debtors also claim exemptions under Schedule B, Question #35 for the Blue Sky, Earth and the Universe as well as citing a United States Supreme Court case, but no exemptions are claimed on Schedule C. The Trustee objects to the Debtors claim of exemptions in Schedule B, Question #35.

8. The Trustee objects to the following exemptions of the Debtors:

   A. The NFL 401(k) pension in the amount of $180,000 for not being claimed on Schedule C and for being listed in an unknown amount on Schedule B, Question #12 when the amount is known by Debtors;

   B. The home in Georgia allegedly gifted to the parents in Ft. Valley, Georgia with the address of 118 Windy Hill Ct., Ft. Valley, GA 31030;

C.  The personal injury claim for the injury sustained sometime in December, 2009 to the left knee of Antone Davis when he was rear ended at a stop light;

D.  The personal assets of the Debtors listed as home furniture in the amount of $635.00 as the Trustee believe that it is grossly undervalued based on a 7500 square foot home;

E.  Debtors' Membership Interests in Buffalos Clermont, LLC;

F.  Debtors' Membership Interests in Rocky Top Holdings, LLC;

G.  Antone Davis Family Trust assets which have not been disclosed; and

H.  For all the Blue Sky, Earth and Universe allegedly claimed as exempt by Debtors on Schedule B, Question #35 to specifically include any and all assets located in the SunTrust Bank safety deposit box.

WHEREFORE, the trustee moves this court to enter its order denying the debtor's claim of exemptions on the grounds set forth above.  I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished either electronically or by First-Class United States Mail, postage prepaid, this 22nd day of April 2010 to Stephen J. Berlinsky, Esquire, The Berlinsky Law Firm, PA, 637 Eighth Street, Clermont, FL  34711, *attorney for Debtors*; Antone E. Davis and Catherine M. Davis, 11435 Lake Louisa Road, Clermont, FL 34711, *Debtors*, and the Office of the United States Trustee, 135 W. Central Blvd., Suite 620, Orlando, Fl. 32801.

Dated:  April 22, 2010

/s/ Emerson C. Noble
Emerson C. Noble, Trustee
Post Office Box 195008
Winter Springs, Florida 32719-5008
Telephone (407) 628-9300
Facsimile (407) 647-6452