UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DISTRICT

In re:                                                           CASE NO.: 6:10-bk-01572-ABB

ANTONE EUGENE DAVIS and,                       Chapter 7
CATHERINE MARIE DAVIS,

      Debtors.
_____/

**ORDER SUSTAINING IN PART AND OVERRULING IN PART
OBJECTION TO DEBTORS' CLAIM OF EXEMPTIONS BY
<u>BUFFALO'S FRANCHISE CONCEPTS, INC. AND THE CHAPTER 7 TRUSTEE</u>**

THIS CASE came before the Court, after notice and hearing, on August 10, 2010 at 11:30 a.m. upon the Objection to Debtors' Claim of Exemptions by Buffalo's Franchise Concepts, Inc. (Docket No. 25) and the Objection to the Debtors' Claim of Exemptions by the Chapter 7 Trustee, Emerson Noble (Docket No. 28)(hereinafter referred to collectively as "Objections").

The Court has examined the Objections, the Amended Schedules filed by the Debtors (Docket Nos. 17, 40 and 43), the amended exemptions claimed by the Debtors and the value of the personal property. The Court finds that the Objections should be sustained in part and overruled in part as outlined below. Accordingly, it is

ORDERED AND ADJUDGED:

1.    The Objection to the Debtors' Claim of Exemptions by Buffalo's Franchise Concepts, Inc. is sustained in part and overruled in part.

2.    The Objection to the Debtors' Claim of Exemptions by the Chapter 7 Trustee is sustained in part and overruled in part.

1

3. The Debtors' are entitled to the wild card exemption under Florida Statute 222.25(4) in the amount of $8,000 for personal property.

4. The Debtors' are entitled to the $2,000 exemption under Article 10, Section 4 of the Florida Constitution for personal property.

5. The Debtors' are allowed an exemption on one (1) motor vehicle in the amount of $1,000 under Florida Statute 222.25(1).

6. The NFL Pension Plan of the Debtor, Antone Eugene Davis, in the amount of $222,822.27 is a qualified plan and is exempt and is not subject to administration by the Bankruptcy Estate.

7. The total value of Debtors personal property is $13,000.00 and the allowed exemptions total $11,000.00.

8. The Debtors owe the Chapter 7 Trustee and the Chapter 7 Estate the amount of $1,903.00 for nonexempt personal property which amount of $1,403.00 shall be paid to the Chapter 7 Trustee within sixty (60) days of the Hearing.

9. Debtors shall turn over nonexempt assets valued at $500.00 to Trustee within sixty (60) days of the Hearing and the pontoon boat and trailer are turnover items.

10.     All other objections to personal property are sustained and the Debtors shall turnover all nonexempt assets to Emerson Noble, the Chapter 7 Trustee within sixty (60) days of the Hearing.

DONE AND ORDERED ON September 1, 2010.

Arthur B. Briskman,
United States Bankruptcy Judge

COPIES TO:

Richard B. Webber II, Esquire
Zimmerman, Kiser & Sutcliffe, P.A.
315 E. Robinson Street, Suite 600
P.O. Box 3000
Orlando, FL  32802-3000
*Attorneys for Creditor*

United States Trustee-ORL7
135 W. Central Blvd., Suite 620
Orlando, FL  32801

Stephen J. Berlinsky, Esquire
The Berlinsky Law Firm, PA
637 Eighth Street
Clermont, FL  34711
*Attorney for Debtors*

Emerson C. Noble
Post Office Box 195008
Winter Springs, FL  32719
*Chapter 7 Trustee*